**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

**UNITED STATE OF AMERICA, <u>ex rel.</u>
WINFRED P. ADAMS, Major, USAF, Ret.,**

       **Plaintiff,**

                                                                    **CIV No. 99-883 JPS/DJS**

     **v.**

**FARMINGTON CITY COUNCIL,**
governing body of the City of Farmington and each
member thereof during times pertinent including
any who were also Member of the First National Bank
of Farmington's Board of Directors; the **CITY OF
FARMINGTON,** a political entity capable of being
sued and owning real property; and **DAN DIBLE,**
Farmington city manager; **SAN JUAN JUNIOR
COLLEGE DISTRICT,** a political entity capable of
being sued and owning real property; **SAN JUAN JUNIOR
COLLEGE BOARD OF DIRECTORS,** the governing
body of San Juan Junior College District, and **JAMES
A. HENDERSON,** President of San Juan Junior College,
Chief Executive Officer of the San Juan Junior College
Board, and Member of the First National Bank of
Farmington's Board of Directors; **SAN JUAN COUNTY,**
a political entity capable of being sued and of owning
real property; **BOARD OF SAN JUAN COUNTY
COMMISSIONERS,** the governing body of San
Juan County, and **TONY ATKINSON,** the San Juan
County Manager; and **FICTITIOUS DOES 1 through XX**
inclusive,

       **Defendants.**

## MEMORANDUM OPINION

On January 5, 2000, Defendants San Juan Junior College District, San Juan Junior College

1

Board of Directors, and James C. Henderson (collectively referred to as "College Defendants") filed a Motion to Dismiss for Failure to State a Claim Pursuant to Rules 9(b) and 12(b), (Doc. No. 15). On January 5, 2000 Defendants City of Farmington, Mayor William Standley, and City Council Members, Mary Fischer, William Hall and Tommy Roberts (collectively referred to as "Farmington Defendants") filed a Motion to Dismiss, (Doc. No. 18), under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). On January 6, 2000, Defendants San Juan County, San Juan County Commissioners, and Tony Atkinson (collectively referred to as "County Defendants") filed a Motion to Dismiss, (Doc. No. 20), based on Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. On January 21, 2000, County Defendants filed a Motion to Strike Affidavit (Doc. No. 24), and on February 17, 2000, Plaintiff filed a Motion for Summary Judgment, (Doc. No. 36). After careful consideration of the law, the pleadings, and the briefs, I conclude that Defendants' motions to dismiss should be granted and this case should be dismissed with prejudice. The motion for summary judgment and the motion to strike are accordingly rendered moot by this decision.

**I. Standard of Review**

    **A. Motions to Dismiss**

Farmington Defendants request that Plaintiff's complaint be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. "[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted). "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." Id. (citations omitted).

Here, the statutory provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3730(e)(4), define the court's subject matter jurisdiction. Section 3730(e)(4)(A) of the FCA states, "[n]o court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions . . . unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." Farmington Defendants argue that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because the complaint is based upon publicly disclosed allegations or transactions and because the Plaintiff is not an original source. Thus, the jurisdictional inquiry in this case is intertwined with the merits. See United States ex rel. Fine v. MK-Ferguson Co., 99 F.3d 1538, 1543 (10th Cir. 1996) ("In a qui tam action under the False Claims Act, the jurisdictional question of whether a 'public disclosure' has occurred arises out of the same statute that creates the cause of action.") (citing United States ex rel. Ramseyer v. Century Healthcare Corp., 90 F.3d 1514, 1517-18 (10th Cir. 1996)). Farmington Defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter

jurisdiction should therefore "be resolved under Federal Rule of Civil Procedure 12(b)(6) or, after proper conversion into a motion for summary judgment, under Rule 56." Id.

A motion to dismiss is properly converted into a motion for summary judgment when the court considers affidavits and other evidentiary material submitted by the parties. See United States ex rel. Ramseyer v. Century Healthcare Corp., 90 F.3d 1514, 1517-18 (10th Cir. 1996). Although the Plaintiff submitted evidentiary material in response to the Defendants' motions to dismiss, I did not consider this material in deciding whether to dismiss this case for lack of subject matter jurisdiction under Rule 12(b)(1). Therefore, Farmington Defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction will be treated as a motion to dismiss under Rule 12(b)(6). Cf. United States ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1159 (10th Cir. 1999) (holding that in claim brought under the False Claims Act, the district court should have treated a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction as a motion for summary judgment because the trial court relied on affidavits and other evidentiary material submitted by the parties).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, a district court must liberally construe the pleadings. See Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). A district court must also accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Id. Thus, all well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. Id. The issue before a court considering a motion to dismiss is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint may be dismissed only if it appears to a certainty that the plaintiff

4

can prove no set of facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### B. Standard Applied to Pro Se Plaintiffs [1]

A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, (1972). Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines, at 520-521. Nevertheless, conclusory allegations without supporting facts are insufficient to state a claim on which relief can be based, even if Plaintiff is pro se. Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)

## II. Background

On August 6, 1999, Winfred P. Adams filed a qui tam action on behalf of the United States alleging that Defendants assisted and conspired to submit false claims for federal money in violation of the FCA, 31 U.S.C.A. § 3729 *et seq*. Plaintiff's complaint is difficult to understand. Plaintiff essentially alleges that Defendants presented a false claim for $1,000,000 in federal funds to the Federal Department of Commerce's Economic Development Administration for construction of the Farmington Enterprise Center ("FEC") project, (Complaint, ¶¶ 1, 7), and for "at least one successor economic development project in the second [instance of fraud]." Complaint, ¶ 7. According to the complaint, the City of Farmington and San Juan College failed to follow the State Procurement Code provisions during the process of obtaining Federal grant

---

[1] Although Plaintiff asserts that he is not pro se, no attorney has entered an appearance on Plaintiff's behalf and Plaintiff has filed all pleadings and briefs by himself. Therefore, the pro se standard is applicable to this case.

money to building the FEC project. Plaintiff also alleges that the City of Farmington sought to conceal its own corruption in submitting a false claim for federal public funds by giving the FEC project over to the San Juan Junior College District. Id. at ¶ 17(D). Plaintiff alleges that this was accomplished on April 22, 1997 when the Farmington City Council approved of a "conspiracy scheme" in an open public meeting. Id. at ¶ 21(A). Plaintiff avers that the "said conspiracy served the knowledgeable purpose of laundering, washing or hiding prior FEC project deceptive financial and procurement practices employed by city defendants as they engaged in acts leading to the initial false claim." Id. at ¶ 21(D). Plaintiff further alleges that on May 6, 1997 the San Juan Junior College Board of Directors approved the conspiracy "in order to reapply for the said $1,000,000," which is apparently a reference to the request for federal funds to build the FEC project. Id. at ¶ 22(A)-(B). According to the complaint, the San Juan Junior College Board of Directors' approval of the conspiracy "supported the laundering process." Id. at ¶ 22(C).

Plaintiff also appears to allege that County Defendants collected a tax that was subsequently used by San Juan Junior College District. Id. at ¶ 24. Plaintiff's complaint avers that this tax was used by San Juan Junior College District "in support of both enterprise projects amounted to deceptively using of public funds to partner the projects seeking approval of a second million dollars false claim from the federal treasury." Id. at ¶ 24(F).) Plaintiff alleges that a professor at the San Juan Junior College District misled the electorate into thinking that the tax would extend an existing tax and that taxes would not be ultimately increased, which they apparently were. Id. at ¶ 24(D).

Defendants ask that Plaintiff's complaint be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to satisfy the heightened pleading requirement of Fed. R. Civ. P. 9(b). Farmington

Defendants also move to dismiss under Rule 12(b)(1) on the ground that this court lacks subject matter jurisdiction over Plaintiff's complaint under the FCA, 31 U.S.C.A. § 3730(e)(4).

### III. Discussion

**A. Subject Matter Jurisdiction**

Farmington Defendants argue that this court lacks subject matter jurisdiction because Plaintiff failed to satisfy the FCA requirements for jurisdiction set forth in 31 U.S.C. § 3730(e)(4) of the FCA. This provision states:

> (A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.
>
> (B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

Because federal courts are courts of limited jurisdiction, a court's jurisdiction is presumed not to exist "absent a showing by the party invoking federal jurisdiction." MK-Ferguson, 99 F.3d at 1543 (citing United States of America ex rel. the Precision Co. v. Koch Industries, Inc., 971 F.2d 548, 552 (10th Cir. 1992)). Thus, the FCA "should not be read in a manner that impermissibly expands federal jurisdiction," id. at 1544 (citing Precision, 971 F.2d at 552), and Plaintiff "bears the burden of alleging facts essential to jurisdiction and supporting those facts by competent proof." Id. (citing Precision, 971 F.2d at 551).

To determine whether a court has subject matter jurisdiction over a plaintiff's qui tam

action, the court must ask four questions:

> (1) whether the alleged "public disclosure" contains allegations or transactions from one of the listed sources; (2) whether the alleged disclosure has been made "public" within the meaning of the False Claims Act; (3) whether the relator's complaint is "based upon" this "public disclosure"; and, if so, (4) whether the relator qualifies as an "original source" under section 3730(e)(4)(B).

MK-Ferguson, 99 F.3d at 1544. If the court answers "no" to any of the first three questions, the qui tam action proceeds. Id. The answers to each of the first three questions must be "yes" before the court addresses the original source inquiry. Id.

### 1. "[B]ased on" the "public disclosure" of allegations or transactions

"[P]ublic disclosure occurs when the allegations or fraudulent transactions upon which the qui tam suit is based are affirmatively disclosed to members of the public who are otherwise strangers to the fraud." Id. at 1545 (citation omitted). "Affirmatively disclosed" means the information or transactions are "actually, as opposed to potentially, available to the public." See id. "'Based upon' in 31 U.S.C. § 3730(e)(4)(A), means 'supported by.'" Id. (quoting United States of America ex rel. the Precision Co. v. Koch Industries, Inc., 971 F.2d 548, 552 (10th Cir. 1992)).

Here, Plaintiff's allegations refer to a city councilor's findings that allegedly expose the fraud. Complaint, ¶ 17(C). Plaintiff also alleges that "the Farmington City Council approved a conspiracy scheme in an *open public meeting*." Id. at ¶ 21(A) (emphasis added). At this meeting, the City of Farmington allegedly agreed to transfer "$500,000 of approved FEC project funds to [San Juan Junior College District] as matching funds for a new false claim," which was allegedly another act in the conspiracy. Id. at ¶ 21(C). Plaintiff alleges that San Juan Junior College District "joined the conspiracy originally engaged in by the defendant City of Farmington . . .

8

when it met in *public session* on May 6, 1997 to accept the FEC project funds from said defendant city." Id. at ¶ 26(B) (emphasis added). Plaintiff further alleges that a member of the Farmington City Council engaged in an "unplanned review . . . into the procurement process and financial transaction related to the FEC project funding which revealed an unlawful procurement process," which included the approval of the FEC project by city council members "in *public session*." Id. at ¶ 20(A) (emphasis added).

A review of Plaintiff's complaint reveals that the allegations or fraudulent transactions upon which Plaintiff's qui tam suit is based were affirmatively disclosed to the public--including Plaintiff--when the Farmington City Council and San Juan Junior College District allegedly met in public session and approved the fraudulent scheme. See MK-Ferguson, 99 F.3d at 1545. When the government holds a public hearing and airs the allegations or transactions at issue, enabling anyone to learn of the alleged fraud, the government has affirmatively disclosed the information for purposes of the FCA. See MK-Ferguson, 99 F.3d at 1544 ("A]s the district court noted, when the form of disclosure at issue is an administrative report, the question of whether the report has been publicly disclosed is not as clear as the instance when the government holds a public hearing and airs the allegations or transactions at issue.") (citation omitted). Plaintiff has therefore failed to meet his burden of showing that his claim is not "based upon the public disclosure of allegations or transactions." 31 U.S.C. § 3730(4)(A). Consequently, this court has subject matter jurisdiction over Plaintiff's qui tam action only if he can show that he is an "original source" under the FCA. See MK-Ferguson, 99 F.3d at 1547.

   2.   *Original Source*

Under the FCA, an "'original source' means an individual who has direct and independent

9

knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § 3730 (e)(4)(B). Because there seems to be no dispute that Plaintiff voluntarily provided the information to the Government before filing this qui tam action, the issue presented is whether Plaintiff is "an individual who has direct and independent knowledge of the information on which the allegations are based." Id.

"[T]he Ninth Circuit characterizes direct and independent knowledge as 'unmediated by anything but [the relator's] own labor.'" MK-Ferguson, 99 F.3d at 1547 (quoting Wang v. FMC Corp., 975 F.2d 1412, 1417 (9th Cir. 1992)). Independent knowledge cannot be secondhand knowledge. M-K Ferguson, 99 F.3d at 1547.

Plaintiff, a retired officer of the United States armed forces, does not allege that he has direct and independent knowledge of the information on which the allegations are based. Nowhere in his complaint does Plaintiff allege that he was a member of the Farmington City Council or the San Juan Junior College Board of Directors or that he served in any other capacity that would have allowed him to gain firsthand knowledge of Defendants' allegedly fraudulent activities.

Because Plaintiff has failed to meet his burden of showing that this qui tam action is not based on "publicly disclosed" information, and because Plaintiff has also failed to show that he is an "original source" under the FCA, Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.[2]

---

[2] Farmington Defendants are the only Defendants who requested that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction. The complaint should nevertheless be dismissed against all Defendants because Plaintiff's allegations of Defendants' violations of the

**B. Fraud and Rule 9(b)**

Even if Plaintiff's complaint were not dismissed for lack of subject matter jurisdiction, it should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). "Rule 9(b) applies to claims brought under the False Claims Act." United States ex rel. v. Cheng, 184 F.R.D. 399, 401 (D.N.M. 1998) (citing United States.ex rel. Thompson v. Columbia/HCA, 125 F.3d 899, 903 (5th Cir. 1997) and Gold v. Morrison-Knudsen Co., 68 F.3d 1475, 1476-77 (2nd Cir. 1995)). See also, United States v. Crescent City EMS, Inc., 151 F.R.D. 288, 290 (E.D.La. 1993) (holding that Rule 9(b) applied to plaintiff's qui tam action brought under the FCA); United States ex rel. DeCarlo v. Kiewit/AFC Enterprises, Inc., 937 F. Supp. 1039, 1049 (S.D.N.Y. 1996).

Fed. R. Civ. P. 9(b) states that a plaintiff must plead fraud with particularity. "Simply stated, a complaint must 'set forth the time, place and contents of the false representation, the identify of the party making the false statements and the consequences thereof.'" Schwartz v. Celestial Seasonings, Inc.,124 F.3d 1246, 1252 (10th Cir. 1997) (citation omitted). In Cheng, the defendant filed a motion to dismiss the government's FCA claim on the ground that the complaint failed to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). See Cheng, 184 F.3d 399. Noting that the only information alleged in the complaint regarding the fraud was the assertion that the defendant had submitted fraudulent leave slips or failed to submit them for hours when he was not on duty, the court concluded that the government had "failed to provide even a vague description of the content of the fraudulent statements and has provided no grounds from which this Court might infer what about those statements is false." Id. at 401. Therefore, the

---

FCA are based on the same facts and arise out of the same events.

court dismissed the government's complaint. Id. See also United States ex rel., Vallejo v. Investronica, Inc., 2 F. Supp. 2d 330, 336 (W.D.N.Y. 1998) (stating that "to pass muster under Rule 9(b), the amended [FCA] complaint must allege when and where the statements were made, identify the individual responsible for the statements, and specify the content of the alleged fraudulent statements"); Crescent City, 151 F.R.D. 288 (holding that a qui tam plaintiff's failure to allege the exact dates the representations were made, the place where the alleged fraud took place, and the identity of the person making the representations was insufficient on a fraud claim brought under the FCA).

Here, Plaintiff's vague allegations make it impossible to discern which Defendants allegedly made the false statements, when these statements were made, who made them, and what the false statements were. For example, Plaintiff alleges that the City of Farmington, San Juan Junior College District, and San Juan County "contributed under color of law to claims against the United States Treasury which: (a) were false, (b) facilitated approval of the claims by the United States government, (c) were acts in furtherance of agreements between them or objects thereof, or (d) contributed to the intent to commit crimes against or to defraud the United States." Complaint, ¶ 6. These allegations do not "'set forth the time, place and contents of the false representation, the identify of the party making the false statements and the consequences thereof,'" Schwartz, 124 F.3d at 1252, as required by Rule 9.

Another example of Plaintiff's failure to allege the time, place, and contents of the false representation, as well as who made it, is Plaintiff's allegation that the City of Farmington, San Juan Junior College District, San Juan County, and "a Defendant Doe financial institution, through the acts of their respective officers, employees or agents jointly and severally conspired to

commit offenses against or to defraud the United States by getting a false claim allowed or paid to the damage of the Treasury of the United States." Complaint at ¶ 14.

As these examples demonstrate, Plaintiff's FCA claim fails meet the heightened pleading requirement of Rule 9(b). Therefore, it should be dismissed.

Defendants' motions to dismiss should be GRANTED, and Plaintiff's complaint should be dismissed.

_____
UNITED STATES DISTRICT JUDGE