IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATE OF AMERICA, ex rel.**
**WINFRED P. ADAMS, Major, USAF, Ret.,**

  **Plaintiff,**

                 **CIV No. 99-883 JPS/DJS**

 **v.**

**FARMINGTON CITY COUNCIL,**
governing body of the City of Farmington and each
member thereof during times pertinent including
any who were also Members of the First National Bank
of Farmington's Board of Directors; the **CITY OF**
**FARMINGTON,** a political entity capable of being
sued and owning real property; and **DAN DIBLE,**
Farmington city manager; **SAN JUAN JUNIOR**
**COLLEGE DISTRICT,** a political entity capable of
being sued and owning real property; **SAN JUAN JUNIOR**
**COLLEGE BOARD OF DIRECTORS,** the governing
body of San Juan Junior College District, and **JAMES**
**C. HENDERSON,** President of San Juan Junior College,
Chief Executive Officer of the San Juan Junior College
Board, and Member of the First National Bank of
Farmington's Board of Directors; **SAN JUAN COUNTY,**
a political entity capable of being sued and of owning
real property; **BOARD OF SAN JUAN COUNTY**
**COMMISSIONERS,** the governing body of San
Juan County, and **TONY ATKINSON,** the San Juan
County Manager; and **FICTITIOUS DOES 1 through XX**
inclusive,

  **Defendants.**

**MEMORANDUM OPINION AND ORDER**

On August 30, 2000, Plaintiff pro se filed a Motion for Order Voiding Order of Dismissal

(Doc. No. 51), which will be granted. On September 5, 2000, Defendants San Juan County, Board of County Commissioners for San Juan County, and Tony Atkinson ["San Juan County Defendants"] filed a Motion for Sanctions Under Rule 11 (Doc. No. 52), which will be denied.

## I. Background

On August 6, 1999, Plaintiff filed a Complaint for Damages and Other Relief in Conformance with the False Claims Act. On April 12, 2000, I dismissed that Complaint for lack of subject matter jurisdiction and failure to satisfy Federal Rule of Civil Procedure 9(b), as explained in a written Memorandum Opinion and Order filed concurrently with an Order of Dismissal. Plaintiff then appealed. On July 5, 2000, the Tenth Circuit dismissed his appeal for lack of prosecution. On August 30, 2000, Plaintiff filed his Motion for Order Voiding Order of Dismissal. In addition to responding specifically to Plaintiff's motion, the San Juan County Defendants filed their Motion for Sanctions.

## II. Discussion

### A. Plaintiff's Motion for Order Voiding Order of Dismissal

Plaintiff asks this court to void the April 12, 2000 order of dismissal based on Fed. R. Civ. P 60(b)(4). Rule 60(b)(4) provides that the court "may relieve a party or a party's legal representative from a final judgment, order, or proceeding [when] . . . the judgment is void." "In the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted." *See V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 225 (10th Cir. 1979). The Tenth Circuit Court of Appeals has indicated there are three circumstances in which a judgment may be void: (1) the rendering court lacked subject matter or personal jurisdiction over the parties, (2) the court acted in a manner inconsistent with due process of law, or (3) the court

plainly usurped its powers.  *See id.; see also Gschwind v. Cessna Aircraft Co.,* 189 F.R.D. 643, 646 (D. Kan. 1999).

Neither the first category nor the second applies.  No one has ever contested personal jurisdiction, and the allegedly void order dismissed the case for lack of subject matter jurisdiction.  Plaintiff also makes no cognizable or colorable argument that he has been deprived of due process.

Regarding the third category, Plaintiff seems to argue that the District Court lacked authority to dismiss Plaintiff's Complaint because Plaintiff speaks for the United States of America in this matter, United States courts are the agents of the federal government, and agents cannot control principals.  Plaintiff misunderstands both his role as the person bringing this action and the role of the federal courts in entertaining the action.  31 U.S.C. § 3730(b) allows a private person to bring a False Claims Act action in the name of the Government, even if the Attorney General declines to intervene or otherwise pursue the case.  This provision does not give the private person more power or authority than the Attorney General would have, and the Attorney General does not have power over a district court as a principal would over an agent.  The Attorney General represents the Executive Branch of Government and the federal district court is part of the Judicial Branch.  These two branches of government are distinct but co-equal.  The United States Constitution and various laws created in accordance with the Constitution govern the powers of these two branches through a system of checks and balances and it is impossible to say that one branch is the principal of the other.  None of the Constitution's checks or balances operates in this case to place a federal district court in a role subordinate to a False Claims Act plaintiff.  Accordingly, it makes no sense to say that the Attorney General, and even less sense to

say that a private citizen bringing an action in the name of the Government, is the principal of a federal district court. Plaintiff's agency theory is nonsensical.

However, Plaintiff is correct that the April 12, 2000 order was without effect and thus void, at least for the time being, because the Attorney General has not yet given written consent to dismissal. 31 U.S.C. § 3730(b)(1) requires that the Attorney General and the court "give written consent to the dismissal and their reasons for consenting" even when the United States declines to intervene.[1] The government has not yet taken a position on the April 12, 2000 Order, not because the Court abandoned its oath or acted with seditious motive to aid a conspiracy by deliberately concealing dismissal from the Government, but simply because of oversight. Accordingly, it is the Court's intent to void the April 12, 2000 Order of Dismissal, absent the consent of the Attorney General.

### B.  San Juan County Defendants' Motion for Sanctions Under Rule 11

Defendants claim that Plaintiff has violated Rule 11, which prohibits, among other things, an unrepresented party from presenting pleadings for improper purposes, including causing unnecessary delay or needless increase in the cost of litigation. Defendants claim that Plaintiff, in his Motion for Order Voiding Order of Dismissal, has shown no real facts supporting his motion and that he has therefore improperly attempted to revive this case and has needlessly increased its costs. Defendants' Motion for Sanctions will be denied because Defendants have failed to comply with Rule 11's procedural requirements. It is also worth noting that Plaintiff had a meritorious argument, as discussed in section II.A. supra, buried in his obtuse pleadings.

---

[1] The Government has expressly declined to intervene. *See* United States' Notice of Election to Decline Intervention (Doc. No. 5), dated September 23, 1999.

A motion for sanctions under Rule 11 may not be "filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected." This "safe harbor" provision is designed to allow the non-movant to withdraw or correct the offending contention. Defendants apparently served their Motion for Sanctions on Plaintiff on August 30, 2000, and only six days later, on September 5, 2000, filed their Motion with this Court. Defendants therefore violated the procedural requirements of Rule 11. While the Court appreciates the difficulty of parsing Plaintiff's post-judgment pleadings, the safe harbor provision is mandatory, and the present motion for sanctions must therefore be denied. *See Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528-29 (10th Cir. 1997) (*citing Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) ("The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory.").

IT IS THEREFORE ORDERED THAT

(1) Plaintiff's Motion for Order Voiding Order of Dismissal (Doc. No. 51), is GRANTED and the Order of Dismissal filed April 12, 2000 is set aside; and

(2) San Juan County Defendants' Motion for Sanctions Under Rule 11 (Doc. No. 52) is DENIED.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**